# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 4114 | **DATE** | 12/26/2001 |
| **CASE TITLE** | USA vs. Schaut, etal | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Summary judgment (38-1) is hereby granted in favor of the United States and against Charles Schaut and Pamela Schaut in the amounts of $1,982,511.71 and $154,019.52, respectively, in unpaid taxes, plus interest and other statutory additions. Citimortgage, Inc.'s motion to dismiss counter-defendants Michael Giambalvo and Carol Giambalvo is granted. Citimortgage, Inc.'s motion for default order on its cross claim is granted to the extent that it does not conflict with summary judgment in favor of the U.S. The status hearing set for 12/28/01 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 28 2001 | 56 |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 12/26/2001 date mailed notice | |
| GL courtroom deputy's initials | | DEC 27 AM 9:58 Date/time received in central Clerk's Office | GL mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,  )
                           )
     Plaintiff,            )
                           )
  v.                       )
                           )   Case No. 97 C 4114
                           )
CHARLES DARE SCHAUT, PAMELA NADENE )
SCHAUT, A/K/A PAMELA L. SCHAUT, CHARLES )
O'KOREN, both individually and in his capacity )
as Trustee of the Dare Schaut Family Trust, )
JOSEPH STEPARD, in his capacity as Trustee of )
the Dare Schaut Family Trust, and )
CITIMORTAGE, INC. as servicing agent for )
CITIBANK, F.S.B., successor in interest to FIRST )
FEDERAL SAVINGS & LOAN OF CRYSTAL LAKE )
                           )
     Defendants.           )

DOCKETED DEC 2 8 2001

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

The essence of this controversy is a tax liability allegedly owed by the Defendants and the effect of a transfer of property owned by the Defendants to a trust, the Dare Schaut Family Trust ("Schaut Trust"). The United States contends that the transfer of property to the Schaut Trust is an invalid attempt to protect that property from federal tax assessments. Presently before us are motions for summary judgment from two parties: the United States and the Schaut Trust[1].

## BACKGROUND

The following facts are uncontroverted and taken from the United States' Rule 56.1 Statement of Material Facts. No other party in this case – neither the Schauts, the Schaut Trust, nor Citimortgage, Inc. – has filed a statement of material facts as required by Local Rule 56.1. As such, all material facts

---

[1] The Schaut Trust's motion for summary judgment, filed by Joseph Stepard as trustee, is based wholly on its contention that the United States did not respond to the Schaut Trust's motion of "Challenge to Jurisdiction." The Schaut Trust's jurisdictional challenge, however, was denied by minute order on November 5, 2001, as was its motion for default judgment. As such, the Schaut Trust's motion for summary judgment is denied as moot. A third party, Citimortgage, Inc., withdrew its motion for summary judgment immediately prior to the issuance of his ruling.

1



provided in the United States' 56.1 Statement of Material Facts are deemed admitted. *See* N.D. Ill. R. 56.1(b)(3)(B) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."); *United States v. Johnson,* No. 01 C 50125, 2001 WL 1018772, *1 (N.D. Ill., August 31, 2001).

The United States brought the present action in an effort to reduce unpaid federal income tax assessments against Charles Dare Schaut and Pamela Nadene Schaut and to foreclose the federal tax liens associated with those assessments against a parcel of real property, record title to which is held by the Schaut Trust, and on which Citimortgage, Inc. ("Citimortgage") asserts a mortgage lien.

The gravamen of the United States' complaint is that Charles Dare Schaut and Pamela Schaut failed to pay income taxes for various years between 1979 and 1987. The United States asserts that the total tax assessments owed by the Schauts, including interest and other statutory accruals, are $3,661,382.18 and $210,440.66, respectively. In its motion for summary judgment, the United States has reduced those figures to $1,982,511.71 and $154,019.52, respectively. This reduction reflects the fact that the United States is not seeking summary judgment on amounts related to fraud penalties or the interest associated with them because such penalties may not be appropriate for disposition on summary judgment due to a greater burden of proof. Count I of the United States' complaint requests this court to enter money judgments against Charles and Pamela for the amounts of the unpaid tax assessments.

Count II relates to the creation of the Schaut Trust and the subsequent transfer of property to that trust. By Quit Claim Deed dated July 16, 1979, Charles Dare Schaut transferred his interest in real property commonly known as 301 Hayes Road, Algonquin, Illinois (the "Hayes Road Property") to the Schaut Trust. The transfer was without consideration. On various dates between 1979 and 1981, however, Charles and Pamela, individually and not as trustees to the Schaut Trust, granted Algonquin Bank a security interest in the Hayes Road Property thereby holding themselves out as the record owners of the property. Moreover, the Schauts resided at the Hayes Road Property from 1974 until 1989.

In its motion for summary judgment, the United States argues that the Hayes Road Property is being held by the Schaut Trust as a nominee of the Schauts. As such, the United States argues that the Schauts should be considered the true equitable owners of the property and that the federal tax liens that have attached to all of their property pursuant to 26 U.S.C. § 6321 et seq. should be foreclosed on the Hayes Road Property.

## ANALYSIS

### A. Standard for Summary Judgment

Summary judgment is proper only when the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). When ruling on a motion for summary judgment, we must evaluate the admissible evidence in the light most favorable to the nonmoving party. *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). The party opposing the motion for summary judgment must affirmatively demonstrate that there is a genuine issue of material fact that requires trial. Fed.R.Civ.P. 56(e); Waldridge *v. American Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994). A genuine issue for trial exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson *v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, if the evidence is merely colorable, or is not sufficiently probative, the court may grant summary judgment. Id. at 249-50.

### B. Count I - Tax Assessments

Summary judgment is appropriate for Count I of the United States' complaint. As mentioned above, the Schauts have failed to answer the complaint and have failed to otherwise respond to the United States' motion or file a Statement of Material Facts as required by Local Rule 56.1. As such, the United States' allegations concerning the tax assessments must be deemed admitted. *See* N.D. Ill. R. 56.1(b)(3)(B).

In support of its motion, the United States has provided us with the Declaration of Robert Der Avedisian of the Internal Revenue Service who asserts that federal tax assessments were made against Mr. Schaut for the years 1979 through 1986, and against Ms. Schaut for the years 1980 through 1987, and that those assessments remain unsatisfied. The Schauts have made no attempt to dispute the

validity of these assessments. The United States has also provided us with copies of Form W-2s that the Schauts' employer for the years in question, American Airlines, Inc., issued to the Schauts as demonstration of their income during that period.

Federal tax assessments, once demonstrated, are presumptively correct and the burden is on the taxpayer to show by a preponderance of the evidence that the determination is incorrect. *United States v. Kim*, 111 F.3d 1351 (7th Cir. 1997). The presumption of correctness applies unless the assessments are deemed "without rational foundation" or "arbitrary and erroneous." *Pittman v. Comm'r*, 100 F.3d 1308, 1313 (7th Cir. 1996). The Schauts, however, offer no argument that the assessments are invalid, arbitrary, or otherwise without rational foundation.

Because there is no genuine issue of material fact regarding the validity of the tax assessments, summary judgment is hereby ordered in favor of the United States and against the Schauts for $1,982,511.71 and $154,019.52, respectively, in unpaid taxes, plus interest and other statutory additions (excluding fraud penalties and interest thereon) accruing from and after September 4, 2001.

## C. Count II - Foreclosure

When an assessment of unpaid taxes is made and payment is not received after due notice and demand are sent, a federal tax lien arises and attaches to all of the taxpayer's property and rights to property until the unpaid amount is satisfied. 26 U.S.C. §6321, 6322. The United States contends that, because the Schauts are the true equitable owners of the Hayes Road Property, a federal tax lien has attached to that property and should be foreclosed on that property to satisfy the debt.

The United States' theory is that the Schaut Trust is merely the Schauts' "nominee." The legal principle is well established that property can be subjected to a federal tax lien under 26 U.S.C. § 6321 if record title is held by one entity as merely an "alter ego" of the taxpayer. *G.M. Leasing Corp. v. U.S.*, 429 U.S. 338, 350-351 (1977). In *In Re Richards*, 231 B.R. 571, 578 (E.D. Pa. 1999) the court described the nominee theory:

> Focusing on the relationship between the taxpayer and the property, the [nominee] theory attempts to discern whether a taxpayer has engaged in a sort of legal fiction, for federal tax purposes, by placing legal title to property in the hands of another while, in actuality, retaining all or some of the benefits of being the true owner. Said another way, the nominee theory is utilized to determine whether property should be construed

4

as belonging to the taxpayer if he/she treated and viewed the property as his/her own, in spite of the legal machinations employed to distinguish legal title to the property.

See also, *United States v. Olsen*, No. 98 C 2170, 2001 WL 817854, *2 (N.D. Ill., July 19, 2001).

To determine whether an individual is a nominee or alter ego of a taxpayer, courts have considered several factors suggesting that property held by one party actually belongs to another. These factors include: (1) little or no consideration was paid by the nominee; (2) property placed in the name of the nominee in anticipation of incurrence of large debts or collection activity and transferor continues to exercise dominion and control over property; (3) a close personal relationship exists between the nominee and the transferor; (4) the conveyance was not recorded; (5) transferor retains possession of the property; or (6) transferor continues to enjoy the benefits of the property. *Frese v. Smith*, No. 99-3128, 1999 WL 1251856, *3 (C.D. Ill., Nov. 5, 1999) (internal citations omitted).

The undisputed facts support a finding that the Schaut Trust is the nominee of the Charles Dare Schaut. First, the Schaut Trust paid, at best, inadequate consideration for the Hayes Road Property. Charles and Pamela Schaut obtained the Hayes Road property by Warranty Deed (Joint Tenancy) on May 3, 1974. On July 14, 1979, the very same year the Schauts stopped paying their income taxes, Charles Dare Schaut created the Schaut Trust. Also on July 14, 1979, Pamela Schaut conveyed her interest in the Hayes Road Property to Charles. Immediately thereafter, on July 16, 1979, Charles conveyed by Quit Claim Deed his interest in the Hayes Road Property to the Schaut Trust for $10. Such inadequate consideration is not dispositive. It is persuasive, however, when viewed in light of the other factors supporting nominee status.

Second, the fact that the property was transferred just prior to the Schauts' decision to stop paying taxes also supports a finding of nominee status, especially since the Schauts continued to exercise dominion and control over the property until 1989. They resided at the Hayes Road Property until 1989. Moreover, by a series of four collateral notes executed after the purported transfer of record title to the trust, the Schauts, individually and not as trustees of the Schaut Trust, granted Algonquin State Bank a security interest in the property in return for an aggregate $37,000 in loan proceeds. Thus, despite their purported transfer, the Schauts continued to hold themselves out as the owners of the

property when they wished to borrow money against it. Such dominion and control is another factor supporting a finding of nominee status.

Finally, at the time of the transfer of the Hayes Road Property to the Schaut Trust, there was a close personal relationship between the Schaut Trust (as nominee) and the transferor (Charles Dare Schaut). This is evidenced by the fact that one of the trustees of the Schaut Trust was Charles' wife, Pamela Schaut.

The circumstances surrounding the transfer lead to only one reasonable conclusion – that Charles made the transfer of the Hayes Road Property to the Schaut Trust in anticipation of the Schauts' tax liabilities. As stated above, a party opposing a motion for summary judgment must affirmatively demonstrate that there is a genuine issue of material fact that requires trial. The Schaut's have made no such showing and have not met their burden. As such, we find that the Schaut Trust was a nominee of Charles Dare Schaut and that the Hayes Road Property, in accordance with 26 U.S.C. §§ 6321, 6322, is subject to a federal tax lien.[2]

The United States next asks us to foreclose the federal tax liens on the Hayes Road Property. Citimortgage opposes summary judgment in favor of the United States and instead seeks a default judgment on its own cross-claim for foreclosure on the Hayes Road Property.[3] Citimortgage, however, has provided no argument as to why its rights would be prejudiced by summary judgment in favor of the United States. This omission is especially important given that the United States has freely conceded that Citimortgage's lien has priority over the United States' lien. The United States does not

---

[2] Joseph Stepard, trustee of the Schaut Trust, has filed many motions in this case disputing the arguments of the United States. Mr. Stepard, however, is not counsel to the Schauts but to the Schaut Trust. Moreover, his motions have all been dealt with, and disposed of, by previous minute order. It is interesting to note that Mr. Stepard is no stranger to this sort of action. Like the Schaut's, he too was an employee of American Airlines in the 1980s and he too refused to pay income taxes. In an effort to avoid tax liability, he attempted to transfer his interest in certain real property to a trust. The alleged transfers were deemed invalid after the court found that the trust was merely an alter ego for Mr. Stepard. The court thereafter foreclosed the federal tax liens on the property. *See* United *States v. Stepard*, No. Civ. 93-0919, 1995 WL 422507 (D. Ariz., Apr. 4, 1995); United States v. Int'l Tax *Strategies*, No. 98-16682, 1999 WL 644173 (9th Cir., Aug. 13, 1999).

[3] Citimortgage's 'counterclaim' is more properly identified as a cross-claim, and will be referred to as such.

dispute that, upon foreclosure of the Hayes Road Property, Citimortgage would receive the first portion of the net proceeds from the sale of the property. Given this concession, Citimortgage's rights would not be prejudiced by a ruling in favor of the United States.

There is some dispute among the parties as to the exact amount of Citimortgage's lien. This dispute need not be resolved in this action. In its response to Citimortgage's original (now withdrawn) motion for summary judgement, the United States has stipulated that it will be in a better position to agree as to the amount of Citimortgage's lien after a receiver is appointed pursuant to 26 U.S.C. § 7403(d) to arrange for the sale of the Hayes Road Property. Citimortgage has provided no argument to rebut this claim.

As there are no genuine issues of any material facts regarding the foreclosure, summary judgment is hereby granted in favor of the United States and the federal tax liens on the Hayes Road Property are hereby foreclosed free and clear of any of the rights, title, claims, or interests of any other party in this action.[4] We order the Hayes Road Property to be sold in accordance with the controlling federal statutes with the proceeds of the sale directed to the lienholders (the United States and Citimortgage) as required by law.

## CONCLUSION

Summary judgment is hereby granted in favor of the United States and against Charles Dare Schaut and Pamela Nadene Schaut in the amounts of $1,982,511.71 and $154,019.52, respectively, in unpaid taxes, plus interest and other statutory additions (excluding fraud penalties and interest thereon) accruing from and after September 4, 2001. Summary judgment is also granted in favor of the United States that the Dare Schaut Family Trust was a nominee of Charles Dare Schaut, and as such, federal tax liens have appropriately attached to the Hayes Road Property. Those liens are hereby ordered foreclosed free and clear of the rights, title, claims, or interests of any other party in this action

---

[4]The other trustee to the Schaut Trust, Charles O'Koren, filed a "Notice and Claim of Lien" against the Hayes Road Property on December 14, 1993, ostensibly to secure indebtedness in the amount of $250,000. See USA Mem., Ex. A. The United States notes that Mr. O'Koren is a federal fugitive and have attached a federal criminal complaint detailing his fugitive status. Mr. O'Koren was served via publication for this action but has not filed any responsive pleadings. As such, and pursuant to Fed. R. Civ. P. 55(a), Mr. O'Koren has defaulted.

7

(save the United States and Citimortgage) with the proceeds from the resulting sale distributed to the two lien holders in accordance with applicable law. For the reasons stated above, the Schaut Trust's motion for summary judgment is denied. Citimortgage's Motion for Default Judgment on its cross-claim is granted to the extent it does not conflict with summary judgment in favor of the United States. Finally, Citimortgage's uncontested motion to dismiss cross-defendants Michael Giambalvo and Carol Giambalvo is granted. Michael Giambalvo and Carol Giambalvo are hereby dismissed as cross-defendants.

It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated: 12/26/01

8